On respondent's motion to dismiss filed July 31, motion to
dismiss denied, remanded for hearing December 8, 1975

PACIFIC NORTHWEST POWER COMPANY,
*Petitioner, v.* DEPARTMENT OF
ENVIRONMENTAL QUALITY (CA 4586),
*Respondent.*
542 P2d 1039

Lee Johnson, Attorney General, and Al J. Laue,
Assistant Attorney General, Salem, for the motion.

Leonard Girard, Hugh Smith, and Rives, Bonyhadi
& Drummond, Portland, contra.

SCHWAB, C. J.
Petitioner, by letter of March 25, 1974, re-
quested certification by the Department of Environ-
mental Quality of its proposed Middle Snake River

Project. The request was pursuant to the requirements of certain federal statutes.

On March 20, 1975, the Department sent petitioner a letter stating in pertinent part:

> "* * * [T]he Department of Environmental Quality hereby acts upon the subject request by denying certification."

Petitioner then sought review by this court in contending the Department had violated the Administrative Procedures Act, ORS ch 183, and its own rules by denying petitioner's request without first affording petitioner a contested case hearing.

Respondent has moved to dismiss the petition for judicial review in a motion stating:

> "Respondent moves to dismiss Petitioner's Petition for Judicial Review and Appointment of a Master on the grounds that Respondent's March 20, 1975, denial of Petitioner's request for certification of discharges was not a final order in a contested case subject to judicial review under ORS 183.480.

> "ORS 183.310(2)(c) defines a contested case as a proceeding before an agency for the refusal to issue a license required to pursue a commercial activity where the *applicant for the license demands such a hearing.*

> "In a proceeding based upon an application for a license the agency must notify the applicant that it denies the application before the applicant can demand a hearing on the denial. Such a notice of denial is not a final order of the agency subject to judicial review under ORS 183.480 since no hearing would have been held. Notices of denial in proceedings of this kind are interlocutory in that the statutory opportunity for a hearing after demand is still available.

> "Respondent's March 20, 1975, denial of peti-

tioner's request for certification did not comply with OAR Ch, 340, §11-100 by providing petitioner with written notice of opportunity for a hearing. The Respondent's failure does not constitute an irregularity in procedure which would warrant reversal or remand requiring the appointment of a Master pursuant to ORS 183.480(6). Errors in procedure shall not be cause for reversal or remand unless the court finds that substantial rights of the petitioner were prejudiced thereby, ORS 183.480(7)(a).

"Upon dismissal of this petition respondent will provide petitioner with a notice of hearing as required by ORS 183.415 and consequently no right of petitioner will be prejudiced."

Petitioner argues: (1) that a hearing must precede rather than follow the denial of a license and that in the matter before us, for reasons we need not set forth, this distinction is one of substance as well as form; and (2) that a dismissal by this court would leave respondent without mandate from this court to conduct a contested case hearing on petitioner's request.

Petitioner's second point is well taken. Its first point may also be well taken, but the issue thus raised need not be decided in view of respondent's concession as to petitioner's right to a contested case hearing.

Motion to dismiss denied. Remanded for a hearing as required by ORS 183.415.